BANCO COMERCIAL DE PUERTO RICO, Plaintiff and Appellee, v. MANUEL F. ROSSY and JOSÉ BAZÁN, Defendants and Appellants.

No. 4256.   Argued January 17, 1928.—Decided January 26, 1928.

*Manuel F. Rossy* for the appellants.   *Gabriel de la Haba* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

The Banco Comercial de Puerto Rico sued Manuel F. Rossy and José Bazán to recover from them severally the sum of $1,400, interest from April 4, 1925, the costs and expenses of the suit and attorney's fees, and copied into its complaint the note showing the obligation sued on, whereby the defendants bound themselves to pay the costs and fees occasioned by the collection of that debt and the fees of the attorney employed by the bank in case of suit.   Two months later the attorneys for all of the parties to this action

presented a motion to the district court stating that the defendants had paid to the plaintiff the debt which gave rise to the action and that an attachment had been levied on a certain number of shares of a partnership and three rural properties belonging to Rossy, the attachments having been recorded in the registry of property, wherefore they prayed the court to consider the plaintiff as having withdrawn its action and render the corresponding judgment without special imposition of costs. The court rendered judgment as moved for and directed the issuance of the proper writ to the registrar for canceling the recorded attachments. A year thereafter Rossy presented a motion to the court in which, after alleging that he had paid to the bank the amount of the note with interest and $44.75 costs, in consideration of which the bank withdrew its action and the court entered the said judgment without special imposition of costs, he prayed that the bank be ordered to refund to him the amount collected from him as costs. It was alleged in the motion that his payment to the creditor of the principal, interest and costs could not weigh against him, for if he had not paid those sums the bank would not have moved for dismissal, but that as the court rendered judgment without costs, the costs paid should be returned.

It is stated in the order of the court overruling that motion that the defendants entered appearance in the action and moved for time to answer, filed later a motion to strike out certain parts of the complaint, which motion was overruled, and then the stipulation to withdraw the action was presented. From that order Rossy took the present appeal.

As the appellant admits that if he had not paid to his creditor the three items of principal, interest and costs, the bank would not have agreed to withdraw its complaint, it is obvious that the payment of those three items was a condition precedent to the stipulation between the parties for the withdrawal of the complaint, and that although the motion

to withdraw asked for a judgment without special imposition of costs and judgment was rendered accordingly, the appellant has no right to a refund of the sum voluntarily paid as costs, without which payment he could not have obtained the dismissal of the action and the cancellation of the attachments levied on his properties; therefore, the bank is not under obligation to return the costs to the appellant.

The order appealed from must be affirmed.